UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAM DONAGHE,

              Plaintiff,

   v.

PATRISHA LASHAWAY, KEVIN QUIGLEY, et al.,

              Defendants.

CASE NO. 16-cv-5973-RJB-JRC

ORDER ON MOTION TO SUBSTITUTE DEFENDANT

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Before the Court is plaintiff's motion to substitute an individual as a defendant in his complaint. Dkt. 36. Defendants have not filed a response to plaintiff's motion. *See generally* Dkt.

Because plaintiff has not alleged sufficient facts against this individual whom he requests be added as a defendant to his complaint, his motion (Dkt. 36) is denied.

ORDER - 1

Plaintiff requests that one named defendant -- his current therapist -- be substituted for a different named defendant -- his former therapist. *See* Dkt. 36. However, as these individuals are not public officers and do not "hold office," a motion to substitute is not the proper mechanism to satisfy plaintiff's request. *See* Fed. R. Civ. P. 25(d) (Federal Rule of Civil Procedure 25(d) gives plaintiff the ability to substitute a public officer if the named defendant dies or otherwise ceases to hold office). Thus, Federal Rule of Civil Procedure 25(d) is not applicable in this circumstance. Instead, the Court will view plaintiff's motion as a motion to amend the complaint.

## STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
>
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

## DISCUSSION

Plaintiff has not filed his motion to substitute (or his previously filed motion to dismiss a defendant) within 21 days of effectuation of service of the complaint. The

Order directing service was entered on December 6, 2016. Dkt. 6. The most recent and final waiver of service of summons was mailed on February 13, 2017. *See* Dkt. 29, *see generally*, Dkt. Plaintiff filed his motion to substitute on March 29, 2017. Similarly, defendants filed and served on the same day a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on February 6, 2017, *see* Dkt. 26, and plaintiff's March motions were not filed within twenty-one days of service of this motion to dismiss. *See* Dkt. 36. Therefore, plaintiff cannot amend his complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1).

Because defendants have not consented in writing to plaintiff's motion to substitute, which seeks to amend the complaint, plaintiff only can amend his complaint with leave of the Court. *See* Fed. R. Civ. P. 15(a)(2).

The Court should freely give leave "when justice so requires." *See id.* However, plaintiff's motion to substitute does not include any facts or allegations related to the defendant he seeks to substitute, other than that she is his therapist. *See* Dkt. 36, p. 1. Plaintiff does not explain how simply being the therapist of an individual gives rise to any cause of action. Accordingly, plaintiff's motion to substitute defendant (Dkt. 36) is denied.

This Order does not preclude plaintiff from filing a motion to amend the complaint to add this individual as a defendant, with a proposed amended complaint attached. However, if he chooses to file such a motion, plaintiff must provide allegations of fact specific to the individual (Ms. Leslie Weir) and said alleged facts should demonstrate how the individual has harmed plaintiff and should demonstrate how the individual's

conduct has deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *See Paratt v. Taylor*, 451 U.S. 527 (1981). The allegations of fact must explain how the individual caused, or personally participated in causing, the harm alleged in the proposed first amended complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). For plaintiff's motion to amend to be granted, plaintiff should provide "factual content that allows the court to draw the reasonable inference that the [individual to be added as a defendant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

In addition, plaintiff is advised that if his motion to amend is granted, the amended complaint will operate as a complete substitute for (rather than a mere supplement to) the original complaint (Dkt. 5). In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Reference to a prior pleading or another document is unacceptable – once plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.

If he choses to move to amend his complaint, plaintiff should attach a new and complete complaint – which he should title "First Amended Complaint." All claims and the involvement of every defendant should be included in the first amended complaint; otherwise, the claims will no longer be the subject of the action.

Plaintiff may file a motion to amend the complaint for the purpose of adding this individual as a defendant on or before June 18, 2017. Otherwise, this action will proceed on the original complaint (Dkt. 5) without the individual as a defendant.

**CONCLUSION**

(1) Plaintiff's motion to substitute defendant (Dkt. 36) is denied.

(2) Plaintiff may file a motion to amend the complaint for the purpose of adding this individual as a defendant on or before June 18, 2017.

Dated this 18th day of May, 2017.

J. Richard Creatura
United States Magistrate Judge