UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAM DONAGHE,<br><br>                Plaintiff,<br><br>    v.<br><br>PATRISHA LASHWAY, KEVIN QUIGLEY, et al.,<br><br>                Defendants. | CASE NO. 3:16-cv-05973 RJB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on the Report and Recommendation of Magistrate Judge J. Richard Creatura. Dkt. 37. The Court has reviewed the Report and Recommendation; objections filed by Plaintiff (Dkt. 39); response to Plaintiff's objections filed by Defendants (Dkt. 40); pleadings relating to the two underlying motions, Defendants' Motion to Dismiss (Dkt. 26) and Plaintiff's Motion to Dismiss (Dkt. 35); and the remainder of the file herein. The Court will adopt the Report and Recommendation, which recommends dismissal for claims except those challenging his conditions of confinement. This Court adds the caveat that, except for the 5th Amendment/Double Jeopardy claim, dismissal must be without prejudice and with leave to amend. The Court also adds the following additional analysis to address Plaintiff's discrete objections.

1  A) <u>Objection to Defendants' suggested comparison of Plaintiff to a pretrial detainee.</u>

Plaintiff objects to Defendants' characterization of Plaintiff as a pretrial detainee. The objection is without merit for two reasons. First, the objection addresses Defendants' characterization of Plaintiff, which falls outside the purview of a proper objection. Objections should address parties' substantive issues with the R&R. Second, this Court adopts the law discussed by the R&R, including the R&R's observation that the pending civil commitments are, in fact, at the pretrial stage, which has bearing on the ways that Defendants may—or may not— detain Plaintiff. *See* Dkt. 37 at 7-10. Characterizing Plaintiff as a pretrial detainee is accurate. Although Plaintiff is not incarcerated, his freedom has been curtailed due to the pending civil commitment proceedings. *See Sharp v. Weston*, 323 F.3d 1166, 1172-73 (9th Cir. 2000); *Jones v. Blanas*, 393 F.3d 918, 931 (1981).

B) <u>Objection to R&R use of *Bell v. Wolfish*, 441 U.S. 520, 554 (1979).</u>

Plaintiff's objection to the R&R's reliance on *Wolfish* is noted, but it is without merit. The R&R, which this Court adopts, states:

> The [*Jones v. Blanas*, 393 F.3d at 931] court also noted that 'an individual detained under civil process—like an individual accused but not convicted of a crime—cannot be subjected to conditions that 'amount to punishment.'" [*Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004)] (quoting *Bell v. Wolfish*, 441 U.S. 520, 536 (1979).

The reference to *Wolfish* is proper citation to binding authority. *Wolfish* is still good law, so Plaintiff's argument is unavailing.

C) <u>Objection to dismissal of 5th Amendment/double jeopardy claim.</u>

Plaintiff opines that the "exact same" "historical records . . . [used for] criminal prosecution" are being used "for the purpose of depriving liberty a second time classed as a sexually violent predator (SVP)." Dkt. 39 at 4. The Supreme Court of the United States squarely rejected challenges to Washington's civil commitment statutes on the basis of double jeopardy.

*Selig v. Young*, 531 U.S. 250, 263 (2001). Allowing Plaintiff to amend this claim would be futile, so dismissal should be with prejudice. As noted by the R&R, the bar against the double jeopardy claim does not preclude Plaintiff from challenging the conditions of confinement as a substantive due process claim.

D) <u>Objection to dismissal of *Bounds* claims.</u>

Plaintiff objects to the R&R's reliance on *Lewis v. Casey*, 518 U.S. 343 (1996). *Lewis* held that in the context of a *Bounds* claim, the plaintiff must show an actual injury, which is "actual prejudice with respect to contemplated or existing litigation." Dkt. 37 at 14. Plaintiff requests that he be permitted to conduct discovery to establish "imminent harm." However, the R&R recommended dismissal for failure to state a claim in his written complaint. Dkt. 37 at 16. The law requires a statement of claim which, if adequate, is the foundation for discovery to prove the claim alleged. The law does not allow discovery without that foundation. Permitting Plaintiff to conduct discovery on the *Bounds* claim is not warranted, because even if Plaintiff proved all the allegations in the Complaint he would not be entitled to recovery. The Complaint does not, as a matter of law, state a claim upon which relief can be granted. As the R&R recommends, the *Bounds* claims should be dismissed, but dismissal should be without prejudice and with leave to amend.

E) <u>Objection to dismissal of destruction of computer (and Due Process) claim.</u>

Plaintiff argues that the Complaint sufficiently alleges a Due Process claim under the theory that defendants destroyed his computer in violation of a specific policy, SCC Policy 212. Dkt. 39 at 10, 11. *See* Dkt. 1-1 at ¶4.68. The R&R properly recommends that the Complaint be permitted to proceed to the extent that the facts surrounding destruction of Plaintiff's computer relate to conditions of confinement. Dkt. 37 at 24. The R&R correctly notes that even if, as

alleged, Plaintiff's computer was destroyed in violation of an SCC policy, "state department regulation do not establish a *constitutional* violation." Dkt. 37 at 25, citing to *Cousins v. Lockyer*, 568 F.3d 1063 (9th Cir. 2009) (citations omitted). Dismissal should be without prejudice and leave to amend, because the facts, if pled differently, could potentitally state a claim for a constitutional violation or a state law tort claim.

F) <u>Objection to dismissal of defendants pled under theory of respondeat superior.</u>

Plaintiff defends his argument—rejected by the R&R—that two supervisors, Kevin Quigley and Patrisha Lashway, could be liable under a theory of respondeat superior. Dkt. 39 at 7. Resolving the legal issue raised by Plaintiff's objection is of no importance to the issue of whether claims should be dismissed against Mr. Quigley and Ms. Lashway. The R&R recommends denying dismissal of Ms. Lashway on other grounds, namely, because the Complaint alleges personal conduct by Ms. Lashway, that she "knew of the [constitutional] violaitons and failed to prevent them." As to Mr. Quigley, who was named as a "former supervisor," the R&R recommended dismissal on Eleventh Amendment grounds. Dkt. 37 at 19, 21, 22.

Nonetheless, addressing the substance of Plaintiff's objection, Plaintiff's argument is not supported by the law. *See Iqbal*, 556 at 676. To the extent that Plaintiff seeks damages from Mr. Quigley and Ms. Lashway under 28 U.S.C. §1983, alleging supervisory liability under an agency theory is insufficient. Instead, the complaint must allege a violation, by a defendant personally, of governmental ordinance, policy, practice, or custom that is the moving force behind the constitutional violation. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978).

    G) <u>Objection to dismissal of allegations against defendants in their personal and individual capacity.</u>

Plaintiff argues that, contrary to the R&R's finding, "clearly at this stage of pleadings [he] need not specifically delineate how each named Defendant individually or personally contributed to any violation of his constitutional rights." Dkt. 39 at 8. The R&R dismissed the request for damages without prejudice as to all individually-named defendants because the Complaint repeats the same factual allegations—and then attributes liability—"to each enumerated employee, without any explanation as to how each person participated." Dkt. 37 at 24.

This Court adopts the R&R's reasoning, which relied on *Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988), for the rule that pleadings must allege causation that is "individualized and focus[ed] on the duties and responsibilities of each individual defendant whose acts or omission are alleged to have caused a constitutional deprivation." Dkt. 37 at 23. Concededly, *Leer* analyzed a motion for summary judgment, whereas in this case there is pending a motion to dismiss for failure to state a claim. However, even taking all Plaintiff's allegations as true, the Complaint does not allege a sufficient basis for recovery against individual defendants. The Complaint must allege "that each Government-official defendant, through the official's own individual actions, has violated the Constitution," *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), which the Complaint has not done. Dismissal should be without prejudice with leave to amend, because if Plaintiff particularizes the complaint to named individuals, he may be able to state a claim.

* * *

THEREFORE, the Court **HEREBY ORDERS:**

(1) The Court adopts the Report and Recommendation (Dkt. 37).

(2) Defendants' Motion to Dismiss (Dkt. 26):

- Conditions of confinement claims: GRANTED IN PART and DENIED IN PART:
    - <u>Official capacity:</u> To the extent the conditions of confinement claims are alleged against persons named in their official capacity, the request for damages is dismissed with prejudice on Eleventh Amendment grounds, but the request for declaratory or injunctive relief may proceed.
    - <u>Individual and personal capacity:</u> To the extent conditions of confinement claims are alleged against persons named in their individual and personal capacity, claims are dismissed without prejudice for failure to state a claim, with leave to amend.
- Double Jeopardy/Fifth Amendment claim: GRANTED. The claim is dismissed with prejudice.
- *Bounds* claims: GRANTED. The claims are dismissed without prejudice for failure to state a claim, with leave to amend.
- Claim of improper destruction of property: Defendants' motion is GRANTED. The claim is dismissed without prejudice for failure to state a claim, with leave to amend.

<u>Any amended pleadings must be filed before **July 1, 2017**.</u>

(3) Plaintiff's Motion to Dismiss Defendant Carol Scott (Dkt. 35) is GRANTED. Defendant Carol Scott is dismissed.

(4) This matter is re-referred to Magistrate Judge J. Richard Creatura.

**DATED** this 7th day of June, 2017.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge