UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAM DONAGHE,

                    Plaintiff,

      v.

PATRICIA LASHWAY, et al.,

                  Defendants.

CASE NO. 3:16-cv-05973-RJB-JRC

ORDER ON REPORT AND
RECOMMENDATION

THIS ORDER comes before the Court on the Report and Recommendation (Dkt. 47) of Magistrate Judge J. Richard Creatura. The Court has considered Defendants' Objections (Dkt. 48), Plaintiff's Objections (Dkt. 50), and the remainder of the file herein. For the reasons discussed below, the R&R should be adopted in part and rejected in part.

Facts alleged are discussed in relation to each claim. Unlike the Complaint, the Amended Complaint alleges claims against persons. *Compare* Dkts. 1-1, 42. The claims can be organized

into three types: conditions of confinement claims, *Bounds* claims, and destruction of personal property claims.

Defendants' underlying motion seeks dismissal of the Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The motion also seeks dismissal on several other grounds: Eleventh Amendment, because the Amended Complaint alleges some claims against individuals in their official capacity, respondeat superior, and qualified immunity.

    A.  Conditions of Confinement/14th Amendment Claims (Dkt. 42 at §§IV.A-B (Lashway), C-D (Clayton), E-F (Vanhook), G-H (Talbot), I-J (Coryell), K (Lopez), L (Cabarcas), O (Eagle), P (Monk), Q (Sasha))

    **1. Official capacity claims.**

As a threshold issue, consistent with this Court's prior ruling (Dkt. 41 at 5) the Court concurs with the R&R that claims for damages alleged against persons in their official capacity should be dismissed on Eleventh Amendment grounds. Dkt. 47 at 32.

The remainder of the analysis in this section thus pertains only to claims for damages alleged against individuals in their individual capacity or to the extent the Amended Complaint alleges claims for relief other than damages against persons in their official capacity.

    **2. Claims against Defendant Lashway under theory of respondeat superior.**

The Amended Complaint, Dkt. 42, alleges that Defendant Lashway "is liable to plaintiff . . . for each of her underlying employee's [*sic*] acts, actions or failures to act[.]" Dkt. 42 at §IV.A.1. Elsewhere, the Amended Complaint alleges actions personal to Defendant Lashway. E.g., *id*. at §§IV.A.2, A.6, B.3.

The R&R recommends that "plaintiff's respondeat superior claim should be dismissed with prejudice." Dkt. 47 at 18. The Court concurs. Attributing actions of an employee to his or her superior is "respondeat superior," and such a theory of liability is not viable under the law,

and should not be permitted to proceed. While the Court concurs with the Report and Recommendation's analysis concerning the claims against Defendant Lashway, *see* Dkt. 47 at 16-18, to be clear, respondeat superior is not alleged as a "claim," but is rather alleged as one of several theories of liability interwoven within two claims against Defendant Lashway that also allege conduct personal to Defendant Lashway. *See* Dkt. 42 at §§IV.A-B. Therefore, Defendants' motion to dismiss should be granted to the extent the Amended Complaint alleges claims against Defendant Lashway under a theory of respondeat superior, but the claims may otherwise proceed.

### 3. Claims against defendants Clayton, Vanhook, Talbot, Coryell, Lopez, Cabarcas, Eagle, Monk, Sasha, and Lashway.

#### i. The Amended Complaint.

Common to defendants Clayton, Vanhook, Talbot, Coryell, Lopez, Cabarcas and Lashway, the Amended Complaint alleges that Plaintiff, who is civilly detained, receives unconstitutionally deficient mental health treatment in violation of substantive Due Process. More specifically, it is alleged that Plaintiff participates in the Sexual Offender Treatment Program (SOTP), where he receives eight to fifteen hours of mental health treatment per month, whereas criminal counterparts receive twenty-nine to thirty-one hours. Dkt. 42 at §§IV.A.4[1], B.5, C.3, C.6, D.5, E.2, E.4, E.6, F.6, G.2, G.4, G.9, H.6, I.4, I.6, I.10, J.8, J.10. K.2, K.4, K.6, L.2, L.4-6, L.10.

---

[1] The Court is cognizant that the Amended Complaint alleges different facts for official capacity claims than for individual capacity claims, *see, e.g.,* Dkt. 42 at §§IV.C and IV.D, but in an effort to construe the pleadings in Plaintiff's favor, alleged facts are considered in the aggregate as to each individual. For example, in §IV.C, "Official Capacity Claim Against Def. Clayton," it is alleged that Defendant Clayton "provided Plaintiff merely eight to sixteen hours of [SOTP] each month." This fact that is not alleged in §IV.D, "Individual Capacity Claim Against Def. Clayton," but §IV.D refers directly to "inadequate SOTP treatment" harm caused by Defendant Clayton in his individual capacity. *Id.* at §IV.C.8.

Under the same theory that Plaintiff has been denied substantive Due Process based on "more restrictive" conditions of confinement than criminal counterparts, the Amended Complaint enumerates the following conditions as constitutionally insufficient against defendants VanHook, Talbot, Coryell, Eagle, Monk, and Sasha: horse shoe pits with horse shoes, baseball fields with baseball equipment, untethered weight lifting equipment, outside handball courts, outside volleyball sand pits, library services, 8 (eight) hour visitations, overnight conjugal visits, overnight family visits, video internet visits, email services, "bio-metric communication services," vendor access, and facility store access. *Id*. at §§IV.E.8, F.4, G.13, H.2, H.5, O.4, P.4, Q.2, R.2. The Amended Complaint does not articulate how each of these enumerated items is deficient in comparison to criminal counterparts.

Finally, the Amended Complaint alleges that defendants VanHook, Talbot, Coryell, and Sasha denied Plaintiff access to "TV-14 Mature or Higher" media, whereas criminal counterparts are held to less restrictive limitations on their media usage. Dkt. 42 at §§IV.E.16, G.14, J.2, J.6, J.7, Q.2. It is further alleged that "SOTP professional standards or SOTP empirical data does not support the therapeutic need" to limit such media. *Id*. at §IV.G.15.

It is necessary to correct course on the authority relevant to resolving the motion. This Court, along with the Magistrate Judge and Plaintiff, have probably relied too heavily on *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004). *Jones* applies to persons who are detained for purposes of trial, known in the criminal context as "pretrial," and they are detained to adjudicate the issue of involuntary civil commitment. *Jones* at 931-32. In this case, there is no allegation that Plaintiff was detained for purposes of trial, so *Jones* should be applied cautiously. The comparison in conditions of confinement between civilly detained persons and criminally punished persons originates from *Youngberg v. Romeo*, 457 U.S. 307 (1982), a civil detention case with a

substantive Due Process standard that includes—but requires more than—such a comparison. *See Youngberg*, 457 U.S. at 321-22.

### ii. *Substantive Due Process Standard and Discussion*

Civilly committed person have a substantive Due Process right to minimally adequate care and treatment. *Youngberg*, 457 U.S. at 318-20. "In determining whether a substantive right . . . has been violated, it is necessary to balance the liberty of the individual and the demands of an organized society." *Id*. at 320. "Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals[.]" *Id*. However, [i]f there is to be any uniformity in protecting these interests, this balancing cannot be left to the unguided discretion of a judge or jury." *Id*. To reach the proper balance, "the Constitution only requires that the courts make certain that professional judgment in fact was exercised" in caring for the civilly committed person. *Id*. Decisions, "if made by a professional, [are] presumptively valid," and liability may be imposed only when the decision is [a] substantial departure from accepted professional judgment, practice, or standards[.]" *Id*. at 322. Stated differently, "[t]he Fourteenth Amendment requires that civilly committed persons not be subjected to conditions that amount to punishment . . . within the bounds of professional discretion." *Hydrick v. Hunter*, 466 F.3d 676, 699 (9th Cir.2007) (internal citation omitted), *overruled on other grounds*. *See also*, *Thomas S. by Brooks v. Flaherty*, 902 F.2d 250, 252 (4th Cir. 1990)

The issue raised by Defendants' motion is whether Plaintiff has stated a conditions of confinement claim. Applying the *Youngberg* standard here, the Amended Complaint states a claim for relief based two alleged conditions of confinement: (1) deficient mental health treatment, and (2) denial of access to TV-14 Mature media. Regarding the deficient health treatment, the Amended Complaint identifies a significant disparity between Plaintiff's mental

health treatment as a civil detainee and that received by criminal counterparts, which, if true, could plausibly constitute a substantial departure from accepted professional judgment. Similarly, regarding the TV-14 Mature media allegations, it is alleged that Plaintiff is prohibited from watching said media even though criminal counterparts can watch said content and where the SOTP written policies governing Plaintiff's therapy do not prohibit said media. These allegations are sufficient to state a plausible claim for relief.

The remaining conditions of confinement allegations should be dismissed without prejudice for failure to state a claim. Beyond alleging the defendants' job titles and that criminal counterparts have things better than Plaintiff generally, no facts are alleged particular to each condition of confinement complained of that particularize the condition to each defendant and set forth a plausible theory for how the condition shows a substantial departure from professional standards of judgment. Instead, the remaining conditions of confinement are enumerated like a holiday wishlist, without broader context. Under *Youngberg*, this is insufficient. The complaint cannot simply allege that Plaintiff, unlike criminal counterparts, lacks a baseball field and equipment; it must also allege a theory for how each named defendant's decision to deny Plaintiff a baseball field and equipment substantially departed from professional judgment. The former without the latter is insufficient under *Youngberg*, and, as a practical matter, would render this Court the de facto micromanager of a governmental institution, which is to be avoided.

All conditions of confinement claims, other than those for deficient mental health treatment and denied TV-14 Mature media access, should be dismissed for failure to state a claim.

**4. Qualified immunity.**

The R&R recommends that Defendants' request for dismissal on qualified immunity grounds be denied as to all conditions of confinement claims. Dkt. 47 at 30-33.

In analyzing a qualified immunity defense at the pleadings stage, the Court examines the plausibility of the facts alleged as to (1) violation of a constitutional right, (2) whether that right that was clearly established at the time of the incident. *Saucier v. Katz,* 533 U.S. 194 (2001). To be "clearly established," the law must be sufficiently clear that a reasonable official would understand that his or her action violates that right. *Id*. at 201. While courts must look to standards and precedent to determine the second prong, it is not necessary that a previous case have been decided on exactly the same facts. *See McCarthy v. Barrett*, 804 F. Supp. 2d 1126, 1143–44 (W.D. Wash. 2011).

Applied here, qualified immunity should not bar claims for deficient mental health treatment. The Court has assessed the plausibility of this claim, alleged as a constitutional right, so the key question is whether the right to adequate mental health treatment is clearly established. *Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir.2000) answers the question in the affirmative. In *Sharp*, the court reaffirmed "the appropriate legal standard for analyzing the constitutionality" of a mental health treatment program for civilly detained persons:

> [The Fourteenth Amendment Due Process Clause requires states to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released . . . more considerate . . . than criminals whose conditions of confinement are designed to punish.

*Sharp*, 233 F.3d at 1172 (internal quotations and citations omitted). *Sharp* is directly on point and defeats qualified immunity at this juncture. To this extent, Defendants' motion should be denied without prejudice.

Qualified immunity should, however, bar the claim for denied access to TV-14 Mature media brought on substantive Due Process grounds. The Court is aware of no clearly established

constitutional right to TV-14 Mature content. Plaintiff provides no authority to the contrary. The general principle that conditions of confinement for civilly detained persons should be better than that for criminally incarcerated persons is not "the appropriate level of specificity," but rather, Plaintiff must establish a "more particularized and hence more relevant" constitutional right. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir.2009) (internal quotations and citations omitted).

In sum, claims challenging conditions of confinement alleged against persons in their official capacity should be dismissed as to the request for damages only on Eleventh Amendment grounds, and claims alleged against Defendant Lashway under a theory of respondeat superior should be dismissed. All conditions of confinement claims, other than those for deficient mental health treatment and TV-14 Mature media access, should be dismissed for failure to state a claim. The TV-14 Mature media access claim should be dismissed on qualified immunity grounds. The application for qualified immunity should be denied without prejudice as to the mental health treatment claims.

B. *Bounds* Claims (Dkt. 42 at §§IV.M (Denny) and N (Gills))

Against defendants Becky Denny and Shannon Gills the Amended Complaint alleges individual capacity claims, referred to as *Bounds* claims, which challenge the sufficiency of Plaintiff's access to legal resources. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977). The claims are brought under the First and Fourteenth Amendment. Dkt. 42 at §§IV.M.1, N.1. Both defendants are described as "paralegals" who, in violation of Plaintiff's constitutional rights, allegedly "personally refus[ed] to provide [ ] contract attorneys" and "knew or should know WDOC provides criminal counterparts with over 50 Superior Court forms . . . which [they] personally chose not to provide Plaintiff[.]" *Id*. at §§IV.M.7, M.12. N.6, N.11. The alleged injury

to Plaintiff is "the extended deprivation [ ] of inadequate legal forms and legal access, (2) [ ] subjecting Plaintiff to civil conditions of confinement . . . more restrictive than criminal . . . criminal counterparts, (3) loss of earning potential . . . and (4) . . . future Social Security benefits." *Id*. at §§IV.M.13, N.12. The Court previously dismissed *Bounds* claims in the original Complaint without prejudice. Dkt. 41 at 6.

The R&R recommends dismissal of both claims with prejudice on the basis that the Amended Complaint does not allege an actual injury. Dkt. 47 at 27-29, 33.

Well-established is the constitutional right to access courts for everyone, including civilly-committed persons. *Cornett v. Donovan*, 51 F.3d 894, 897 (9th Cir. 1995). The right of access is grounded in the Due Process and Equal Protection clauses. *Id*. To ensure meaningful access, institutions must provide "adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. at 828. The right of access extends only to the pleadings stage of the case, to assist with "mak[ing] a meaningful *initial presentation*," *Cornett*, 51 F.3d at 898 (quoting *Bounds*, 430 U.S. at 825), because protecting the rights of civilly committed persons "would lose meaning if they were unable to *articulate their complaints* to the courts." *Id*. (citation and quotations omitted). *See also*, *Lewis v. Casey*, 518 U.S. 343 (1996).

Applied here, this Court concurs with the R&R that the Amended Complaint fails to state a claim as to both defendants, because the Amended Complaint does not allege a cognizable injury sufficient under *Cornett* or *Lewis*. Even when generously construing the Amended Complaint, the undersigned cannot find an allegation that points to the denial of access to the courts. At best, the Amended Complaint alleges that constitutional violations occurred from "forms deprivations regarding Plaintiff's annual release from DSCH-SCC." Dkt. 42 at §§IV.M.3, N.3. No broader context is provided. General vagaries about disparities in the number of forms

available to Plaintiff compared to criminal counterparts, creates only the *possibility* that a particular form could have been necessary to articulating an initial pleading. Other than pointing to this possibility, the Amended Complaint does not articulate *how* Plaintiff was denied access to the courts.

Plaintiff's Objection argues that the R&R erred by "suppl[ying] facts" and "converting" the Fourteenth Amendment claims into First Amendment claims. Dkt. 50 at 5, 6. Plaintiff further argues that the Amended Complaint states a claim because it alleges disparities in the legal resources provided to Plaintiff and his criminal counterparts. *Id*. Finally, Plaintiff argues that he need not allege an actual injury.

As to Plaintiff's first point, a careful review of the R&R does not reveal analysis under the First Amendment, but rather reliance on *Bounds*, *Lewis*, and *Cornett*, which concern the Due Process right of access to courts. *See* Dkt. 47 at 27, 28.

As to Plaintiff's second and third points, this Court is aware of no authority for applying the general principle that providing less legal resources than "criminal counterparts," e.g., in the forms or professional legal help provided, could amount to a cognizable constitutional claim not analyzed under *Bounds* and its progeny. As Defendants point out, it is a basic maxim of constitutional law that "[i]f a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." Dkt. 51 at 4, quoting *City of Sacramento v. Lewis*, 523 U.S. at 842-43. This is <u>especially</u> the case in the absence of an actual injury alleged. *Lewis v. Casey* is instructive. That court held:

> Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.

*Lewis*, 518 U.S. at 351. The court drew an analogy to an inmate complaining of inadequate medical care without suffering an injury, commenting that such a parallel "would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Id*. Plaintiff's arguments fail.

The Court adopts the R&R as to dismissal of these two claims (Dkt. 42 at §§IV.M, N), because they do not state a basis upon which relief can be granted. This Court rejects the R&R in part, because the claims could theoretically be cured with additional factual allegations, so they should be dismissed without prejudice. Because these claims are the only claims alleged against defendants Denny and Gills, all claims against these defendants should be dismissed without prejudice.

As to these claims, the Court does not reach the issue of qualified immunity.

C. Destruction of Personal Property Claims (Dkt. 42 at §§IV.S (Harris), T (Powers), and U (Diaz))

The Amended Complaint alleges that Defendant Harris directed her subordinates, Defendant Powers and Defendant Diaz "in the destruction of evidence in the form of the computer personally purchased and owned by the Plaintiff. Dkt. 42 at §§IV.S.2, T.1, and U.2. The "illegal seizure and destruction" of Plaintiff's computer, it is alleged, violated "proper procedural due process . . . under established governmental customs," where the defendants "failed to contact to the court to obtain seizure and destruction of evidence orders[.]" *Id*. at §§IV.S.2. T.2, and U.5. It is further alleged that Plaintiff's computer was seized "without proof or evidence of the alleged unlawful act or conduct by the Plaintiff[.]" *Id*. at §§IV.S.2, T.2, U.5. Particular to Defendant Harris, it is alleged that his conduct violated SCC policies and procedures, including denial of the opportunity for a disciplinary hearing. *Id*. at §§IV.U.4 and U.8. All three defendants are named in their individual, not official, capacity.

The R&R recommends that these claims be dismissed with prejudice for failure to state a claim. Dkt. 47 at 20, 21, 33.

"The Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures[,]" *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 541 (1985), which are notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). Courts employ the *Mathews* balancing test to determine what form of notice and hearing is required to deprive a person of his or her life liberty, or property, weighing (1) the nature and weight of the private interest affected by the official action, (2) the risk of erroneous deprivation, and (3) the Government's interest, including fiscal and administrative burdens. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Depriving a person of his or her "property" includes personal possessions. *E.g., Krimstock v. Kelly*, 306 F.3d 40 (2nd Cir.2002)(considering sufficiency of forfeiture process for motor vehicles).

While the pleadings do not provide extensive factual detail, the Amended Complaint alleges enough to satisfy the *Iqbal* standard for relief. The Amended Complaint alleges that certain named defendants violated Plaintiff's constitutional right to Due Process by seizing and destroying Plaintiff's computer without proof that Plaintiff had done that which formed the basis for their conduct, which violated SCC policy. Defendants cite *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) for the rule that §1983 liability does not arise simply from violating prison policy. That is a correct statement of the law, but Plaintiff's theory of liability goes beyond the allegation that the defendants violated a policy to the allegation, constitutional in essence, that that the defendants took Plaintiff's property without <u>any</u> process.

Although the defendants may have other explanations for their conduct, e.g., legitimate treatment objectives or necessary detainment measures, at least at this stage, qualified immunity should not bar these claims from proceeding. First, it does not appear that the defendants dispute that Plaintiff has a property interest in possession of his personal computer, so the first requirement is satisfied. Second, under *Mathews* and its progeny, it is clearly established that "some form of hearing is required before an individual is finally deprived of a property interest," *Mathews*, 424 U.S. at 332, which the defendants allegedly failed to do.

The Court declines to adopt the R&R as to dismissal of these two claims (Dkt. 42 at §§IV.M, N), because they state a basis upon which relief can be granted and should not be dismissed on qualified immunity grounds at this time. As to the destruction of personal property claims alleged against defendants Harris, Powers, and Diaz, Defendants' motion should be denied without prejudice.

* * *

The Report and Recommendation (Dkt. 47) is ADOPTED IN PART and REJECTED IN PART as follows:

Defendants' Motion to Dismiss (Dkt. 43) is GRANTED IN PART and DENIED IN PART.

(1) The conditions of confinements claims  (Dkt. 42 at §§IV.A-L, O-Q) are:

- DISMISSED to the extent defendants are named in their official capacity for damages.
- DISMISSED as to Defendant Lashway to the extent the Amended Complaint relies on a theory of respondeat superior.

- DISMISSED WITHOUT PREJUDICE for failure to state a claim, with two exceptions: (a) claims for denied TV-14 Mature media access, alleged against defendants Eagle, Monk, Sasha, and Grimm, are DISMISSED WITHOUT PREJUDICE on qualified immunity grounds; and (2) claims for deficient mental health treatment, alleged against defendants Clayton, Vanhook, Talbot, Coryell, Lopez, Cabarcas, and Lashway, may proceed.

(2) The *Bounds* claims (Dkt. 42 at §§IV.M and N), alleged against defendants Denny and Gills, are DISMISSED WITHOUT PREJUDICE for failure to state a claim.

(3) The destruction of personal property claims (Dkt. 42 at §§IV.S, T, and U), alleged against defendants Harris, Powers, and Diaz may proceed. Qualified immunity should not bar these claims from proceeding at this stage.

<u>In summary</u>, the following claims may proceed:

- Deficient mental health treatment claims alleged against defendants Clayton, Vanhook, Talbot, Coryell, Lopez, Cabarcas, and Lashway, not including a) respondeat superior theory of liability as to Defendant Lashway, and b) official capacity claims for damages alleged against all defendants.
- Destruction of personal property claims against defendants Harris, Powers, and Diaz.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 18th day of October, 2017.

ROBERT J. BRYAN
United States District Judge